UNTIED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| KAREEM ABDUL JOHNSON | CIVIL ACTION NO. 22-0085 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| EAN HOLDING, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss (Record Document 42) filed by Defendants EAN Holdings, LLC, Archie Salary, Timothy Wilson, and Cleveland Love (collectively "Defendants"). Defendants seek the dismissal of Plaintiff Kareem Abdul Johnson's ("Johnson") Amended Complaint. See id. Johnson has filed multiple oppositions to the motion. See Record Documents 48, 49, 52, and 62. No reply was filed. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED** and Johnson's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

**BACKGROUND**

In his Amended Complaint,[1] Johnson asserts a claim for first degree injury of public records and a violation of his Fifth Amendment rights. See Record Document 34. More specifically, Johnson alleges:

---

[1] Johnson filed his initial Complaint (Record Document 1) on January 4, 2022. EAN filed a Motion to Dismiss (Record Document 20) on April 12, 2022. Johnson's Amended Complaint responded to the first Motion to Dismiss. Thus, on September 29, 2022, this Court denied without prejudice the first Motion to Dismiss (Record Document 20) and stated that the instant Motion to Dismiss (Record Document 42) would be ruled on in due course. See Record Document 46.
    "[A]n amended complaint ordinarily supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985). The Fifth Circuit has applied the rule to *pro se* complaints. See McDonald v. McClelland, 779 Fed. Appx. 222, 225 (5th Cir. 2019); Eubanks v. Parker County Commissioners Corp., No. 94-

> Upon information and belief, around February of 2021, the plaintiff purchased a 2020 Chevrolet Silverado from EAN Holdings, LLC as Janella Johnson as [c]o-signer.  Around May of 2021, Janella Johnson and defendant Archie Salary reconstructed [the] title and sold the plaintiff's 2020 Chevrolet Silverado.  All defendants committed First Degree Injuring Public Records, which is the intentional removal, mutilation, destruction, alteration, falsification, or concealment of any record, document, or other thing, filed or deposited, by authority of law in any public office or with any public officer pursuant to R.S. 44.1 et seq.  All defendants violated the plaintiff's Fifth Amendment Rights.

Id. at ¶ 9.  In his prayer for relief, Johnson seeks "a preliminary and permanent injunction ordering defendants EAN Holdings, LLC, Archie Salary, Timothy Wilson, and Cleveland Love to reimburse him with a 2021 Bentley Bentayga." Id. at ¶ 13.  These two passages from the Amended Complaint make it evident that the legal basis and specific factual matter for Johnson's claims against Defendants are less than clear.  Johnson uses legal words and phrases in his Amended Complaint with little to no specific factual allegations to support recognizable causes of action.

Defendants have moved for dismissal pursuant to Rule 9(b) and Rule 12(b)(6).  See Record Document 43.  They argue Johnson has failed to submit a sufficient cause of action and sufficient allegations under Louisiana law and/or the Fifth Amendment.  See id.  They also submit that Johnson's case "appears to be frivolous litigation." Id. at 2.

Johnson opposes dismissal, arguing the Court cannot consider extrinsic evidence and must focus on the adequacy of his Amended Complaint.  See Record Document 48.

---

10087, 1995 WL 10513, *2 (5th Cir. 1995); King v. Dogan, 31 F.3d 344 (5th Cir. 1994); Moore v. Melvin, No. 94-60042, 1994 WL 708686, n.8 (5th Cir. 1994).  A district court within the Western District has also applied the rule in a *pro se* prisoner case.  See Miller v. Bayou Dorcheat Corr. Ctr., No. 16-cv-0225, 2017 WL 4414159, *2 (W.D. La. 2017) (Hornsby, M.J.), report and recommendation adopted, 2017 WL 4414154 (W.D. La. 2017) (Walter, J.).  Here, Johnson does not specifically refer to and adopt or incorporate by reference his earlier pleading.  Thus, his Amended Complaint superseded his prior complaint.

He further argues detailed factual allegations are not necessary and that his claims have facial plausibility. See Record Document 49. Finally, he submits that the Court must accept his factual allegations as true and not dismiss his case on mere technicalities. See Record Documents 51 and 62.

## LAW AND ANALYSIS

While Defendants moved for dismissal pursuant to Rule 9(b) and Rule 12(b)(6), this Court will decide the instant matter pursuant to Rule 12(h)(3). "District courts may, for appropriate reasons, dismiss cases *sua sponte*." Carver v. Atwood, 18 F.4th 494, 497 (5th Cir. 2021). "Sua sponte dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction." Id., citing Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

Johnson states in his Amended Complaint that the Court has federal question jurisdiction under 28 U.S.C. § 1331. See Record Document 34 at ¶ 1. Jurisdiction under Section 1331 is assessed based on the well-pleaded complaint rule. It provides that a federal court has jurisdiction only if a federal question appears on the face of the well-pleaded complaint. See Gutierrez v. Flores, 543 F.3d 251-52 (5th Cir. 2008). Even if a claim invokes federal jurisdiction, it may nonetheless be dismissed for want of subject-matter jurisdiction if the claim is not colorable. That is, a court lacks subject matter jurisdiction if the complaint invokes federal law but the claim is immaterial and made solely for the purpose of obtaining jurisdiction, or the claim is wholly insubstantial and frivolous.

3

See In re: KSRP, Ltd., 809 F.3d 263, 267 (5th Cir. 2015), citing Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773 (1946). Here, the Court believes Johnson's claims are wholly insubstantial and frivolous.

In his Amended Complaint, Johnson states:

> This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

Record Document 34 at ¶ 1. Johnson refers to "first degree injuring public records," which he appears to allege is in violation of a Louisiana statute. Id. at ¶ 9. He also alleges that all Defendants violated his Fifth Amendment rights, which if true could be actionable under 42 U.S.C. § 1983. See id. The Amended Complaint does not, however, allege a colorable claim under Section 1983. Section 1983 claims may properly be brought only against a state actor who acts under color of law, such as a policeman or other government official. See West v. Atkins, 108 S.Ct. 2250 (1988); Whitley v. Hannah, 726 F.3d 631, 638 (5th Cir. 2013). Here, Johnson has asserted claims against a private entity and private individuals. His mere labeling of his claim as one for violation of the Fifth Amendment is not sufficient to make a claim against a private person or entity a viable federal claim under Section 1983. See Johnson v. Loyola University, 673 Fed. Appx. 436 (5th Cir. 2017).

Johnson also seems to invoke 28 U.S.C. § 1343(a)(3) as a basis for federal question subject matter jurisdiction. Section 1343(a)(3) provides:

> The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> . . .

> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

28 U.S.C. § 1343. By the statute's plain language, Section 1343(a)(3) "applies only to alleged infringements of rights under 'color of . . . State law.'" Lynch v. Household Fin. Corp., 405 U.S. 538, 547, 92 S. Ct. 1113, 1119 (1972).

This case warrants *sua sponte* dismissal for lack of jurisdiction. Here, the Court lacks federal question subject matter jurisdiction because none of the Defendants are state actors. While he invoked federal question jurisdiction, Johnson has not asserted a colorable non-frivolous federal claim that would support the exercise of federal question jurisdiction. While certainly questionable, Johnson may be able to state a claim under Louisiana law. However, there is generally "no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." Guiterrez v. Flores, 543 F.3d 248, 252, quoting Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 551 (5th Cir. 2008). There may be a proper court or forum for Johnson to seek relief on state law claims, but this federal court is not it.

Fifth Circuit precedent makes clear "that a jurisdictional dismissal must be without prejudice to refiling in a forum of competent jurisdiction." Carver, 18 F.4th at 498. There are also certain instances where both notice of the court's intention and an opportunity to respond are required before dismissing *sua sponte*; yet, such rules generally apply to dismissals with prejudice. See id. Additionally, Johnson has already had the opportunity to amend his complaint once in this matter. The Fifth Circuit has also noted that courts issuing a *sua sponte* dismissal for failure to state a claim generally must give the litigant

"the opportunity to be heard before a claim is dismissed, ***except where the claim is patently frivolous*****.**"   Alexander v. Trump, 753 F. App'x 201, 208 (5th Cir. 2018) (emphasis added).  Thus, under the circumstances presented in this matter, the Court hereby dismisses without prejudice Johnson's Amended Complaint *sua sponte* under Rule 12(h)(3), as the Court lacks subject matter jurisdiction.

## CONCLUSION

While Johnson invokes federal question jurisdiction, the Court finds his Amended Complaint presents claims that are wholly insubstantial and frivolous.  Johnson alleges a Section 1983 claim for violation of the Fifth Amendment, but his claims are against a private entity and private individuals, not state actors.  Thus, Johnson's Amended Complaint (Record Document 34) is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(h)(3) because the Court lacks subject matter jurisdiction.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 5th day of May, 2023.

_____
United States District Judge